# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

CHRISTOPHER LAMAR EDWARDS,

    Petitioner,

v.                                                  Case No. 5:20-cv-185-Oc-32PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, Christopher Lamar Edwards, a pretrial detainee at the Lake County Pretrial Detention Facility, initiated this case by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). Petitioner is currently in pretrial custody for two pending state court criminal cases in which the state of Florida is prosecuting Petitioner for grand theft in <u>State v. Edwards</u>, No. 35-2020-CF-000299 (Fla. 5th Cir. Ct.); and burglary of a structure and grand theft in <u>State v. Edwards</u>, No. 35-2020-CF-000048 (Fla. 5th Cir. Ct.).

Petitioner argues that the state failed to formally charge him within forty days of his arrest and detention, violating the requirements of Florida Rule of Criminal Procedure 3.134. Doc. 1 at 6. He asserts that he was in custody for forty-six days before the state filed an information; and thus, he requests that the Court order the state court to release him on his own recognizance until his

trial date is set. Id. at 8.

Florida Rule of Criminal Procedure 3.134 provides the following:

> The state shall file formal charges on defendants in custody by information, or indictment, or in the case of alleged misdemeanors by whatever documents constitute a formal charge, within 30 days from the date on which defendants are arrested or from the date of the service of capiases upon them. If the defendants remain uncharged, the court on the 30th day and with notice to the state shall:
>
> (1) Order that the defendants automatically be released on their own recognizance on the 33rd day unless the state files formal charges by that date; or
>
> (2) If good cause is shown by the state, order that the defendants automatically be released on their own recognizance on the 40th day unless the state files formal charges by that date.
>
> In no event shall any defendants remain in custody beyond 40 days unless they have been formally charged with a crime.

Fla. R. Crim. P. 3.134. Pre-charge release pursuant to Rule 3.134 is a state-created right. See Williams v. Sec'y, Dep't of Corr., No. 3:13-cv-621-J-39PDB, 2015 WL 7180302, at*2 (M.D. Fla. Nov. 16, 2015) (finding claim that the trial court improperly applied Fla. R. Crim. P. 3.134 was purely a state law issue). Federal habeas relief does not lie for alleged errors of state law. Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (finding, in the context of § 2254, that the writ of habeas corpus "was not enacted to enforce State-created rights"

2

(citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)). Rather, the purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws and treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991).

Petitioner requests that the Court enforce a state-created right to be released on his own recognizance pending his state court prosecution. He has not alleged a breach of a federal constitutional mandate. Consequently, his allegation is not cognizable in this federal forum.

The Court will not interfere with the state trial court's interpretation of state law, and thus, this case is due to be dismissed. If Petitioner wishes to pursue this issue again in state court, he should confer with his court-appointed attorney or voice his concerns with the state court at the next scheduled pretrial status hearing.

It is, therefore,

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of May, 2020.

*/s/ Timothy J. Corrigan*

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c:   Christopher Lamar Edwards, #65511